IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIAN MOSELY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 03 C 4914 ) ) Suzanne B. Conlon, Judge |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Lillian Mosely sued the Board of Education of the City of Chicago,[1] alleging defendant placed her son Melvin in special education without her consent, in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Upon defendant's motion, her case was dismissed for failure to allege exhaustion of administrative remedies. Minute Order, Dkt. No. 9 (Oct. 22, 2003). The dismissal, however, was reversed on appeal on the basis that failure to exhaust administrative remedies was an affirmative defense and therefore exhaustion need not be pled in a complaint to state a claim. *Mosely v. Bd. of Educ.*, 434 F.3d 527, 533 (7th Cir. 2006). On remand, the parties proceeded through discovery. *See* Minute Order, Dkt. No. 24 (Jan. 30, 2006). Defendant now moves for summary judgment and to strike Mosely's response to the amended summary judgment motion. For the reasons set forth below, the motions are granted.

---

[1] The *pro se* complaint incorrectly identifies defendant as "Chicago Public Schools Board of Education." Compl. at ¶ 1.

## BACKGROUND

This case arises from Melvin's special education placements at the Samuel Gompers Elementary School. In March 2000, Mosely learned that Melvin, then a fourth grader, was placed in a class for students with explosive personalities. Compl. at ¶ 2. Upon further investigation, she found that Melvin had been continuously placed in special education since kindergarten. *Id.* at ¶ 5. She allegedly was never informed of Melvin's placements. *Id.* at ¶ 9. Nor was she given Melvin's testing results. *Id.* at ¶ 10. She filed this case *pro se*, alleging the school board violated the IDEA by placing Melvin in special education without her consent. Am. Compl. at ¶ 4. She sought $60 million in compensatory and punitive damages. *Id.*

Defendant's initial motion for summary judgment was stricken for failure to serve and file a Local Rule 56.2 notice to a *pro se* litigant. Minute Order, Dkt. No. 37 (June 23, 2006). The court granted defendant leave to file an amended summary judgment motion. *Id.* Mindful of Mosely's *pro se* status, the court specifically instructed her to follow Fed. R. Civ. P. 56(e) and Local Rule 56.1(b) in responding to defendant's amended motion. *Id.* In compliance with the court's order, defendant served Mosely with an amended summary judgment motion, together with a Local Rule 56.2 notice. Dkt. No. 41 (June 29, 2006).

In its amended motion, defendant states Mosely never filed an IDEA claim at the administrative level, and that in 2001, the school board initiated administrative proceedings to address Melvin's need for special education. Def. Am. Facts at ¶¶ 11-12, Ex. E at ¶¶ 3-5. Defendant further states that because Mosely withdrew Melvin from Samuel Gompers in September 2001, the school board discontinued the administrative proceedings without a hearing. Def. Am. Facts at ¶¶ 11-17, Ex. E at ¶ 8 ("[n]o impartial due process hearing was ever conducted"). In support of its

2

Local Rule 56.1(a)(3) statement, defendant submits the affidavit of Luis Rodriguez, a director of the school board's Department of Due Process and Mediation, who personally reviewed Melvin's file. *Id.* at ¶ 2. Moving for summary judgment, defendant argues Mosely has no cause of action under the IDEA because she failed to exhaust administrative remedies before filing this case.

In response, Mosely submits a rambling, unsworn statement and eleven unauthenticated exhibits. Pl. Facts, Dkt. No. 45 (July 13, 2006). For the most part, her response contains statements immaterial to whether she exhausted administrative remedies. *E.g.*, *id.* at ¶¶ 7-8 (dealings with her appellate counsel), ¶ 9 (police report involving Melvin), ¶ 10 (incorrect school record of Melvin's name and birthday). She attempts to dispute parts of defendant's Local Rule 56.1(a)(3) statement, but fails to cite any supporting materials. *See id.* at ¶ 6. She does not respond to each numbered paragraph of defendant's Local Rule 56.1(a)(3) statement. Nor does she refer to any affidavits, legal authorities, or the record.

## DISCUSSION

### I. Legal Standards

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A movant has the initial burden of demonstrating its entitlement to summary judgment. *Cont'l Cas. Co. v. Northwestern Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005). Once a movant has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Cont'l Cas. Co.*, 427 F.3d at 1041. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Id.* A

3

genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Like a party opposing summary judgment, a *pro se* litigant enjoys the benefit of the doubt on procedural matters. *See, e.g., Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001) (*pro se* pleadings are liberally construed). Leniency toward a *pro se* litigant, however, is circumscribed. *See id.* (courts are not "obliged . . . to scour the record looking for factual disputes" to rescue a *pro se* litigant from losing summary judgment). *Pro se* status does not serve as a license to ignore the Federal Rules of Civil Procedure or the Local Rules. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[procedural] rules apply to uncounseled litigants"); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("*pro se* litigants are not entitled to a general dispensation from the rules of procedure"). Enforcement of the Local Rules falls within the court's discretion. *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1109 (7th Cir. 2004). The court may strike a *pro se* response to a summary judgment motion for failure to comply with Local Rule 56.1(b). *E.g., Wiggen v. Leggett & Platt, Inc.*, No. 03 C 1986, 2004 WL 2515823, at *3 (N.D. Ill. Nov. 5, 2004) (Leinenweber, J.).

## II. Motion to Strike

Local Rule 56.1(b) requires a party opposing summary judgment to submit: (1) any affidavit or other materials referred to in Rule 56(e); (2) a memorandum of law; and (3) "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials." LR 56.1(b). On at least three occasions, Mosely received notice of these requirements. She was alerted to the Federal Rules of Civil Procedure and the Local Rules shortly after she filed this case. Minute Order, Dkt. No. 2 (July 17, 2003). Three weeks before her response to the summary judgment motion was due, she was instructed to comply with Fed. R. Civ. P. 56(e) and Local Rule 56.1(b). Minute Order,

4

Dkt. No. 37 (June 23, 2006). In addition, she received defendant's Local Rule 56.2 notice setting forth Local Rule 56.1(b)'s requirements in detail. LR 56.2 Notice, Dkt. No. 41 (June 29, 2006).

Despite ample notice, Mosely has ignored Local Rule 56.1(b). *See* Pl. Facts, Dkt. No. 45 (July 13, 2006). She did not submit a memorandum of law or any affidavits. Nor did she follow Local Rule 56.1(b)'s requirement that she respond to defendant's Local Rule 56.1(a)(3) statement. Instead, she submitted an unsworn twelve-paragraph statement, together with eleven unauthenticated exhibits. *See id.* at ¶¶ 1-12, Exs. A-K. As a result, her response lacks any evidence to dispute defendant's Local Rule 56.1(a)(3) statement. *See* Fed. R. Civ. P. 56(e) (a party opposing summary judgment must rely on affidavits or other evidence). Because she fails to comply with this court's June 23, 2006 order and Local Rule 56.1(b), her response must be stricken. *See, e.g., Ercoli v. Paiva*, No. 03 C 5172, 2005 WL 1651042, at *2 (N.D. Ill. July 1, 2005) (Guzman, J.) (disregarding a *pro se* response for failure to comply with Local Rule 56.1); *Dumas v. Dovenmuehle Mortgage, Inc.*, No. 02 C 6271, 2005 WL 1528262, at *1 (N.D. Ill. June 23, 2005) (Shadur, J.) (defendant's Local Rule 56.1(a)(3) statement is deemed admitted because *pro se* plaintiff failed to comply with Local Rule 56.1(b)); *Wiggen*, 2004 WL 2515823, at *3 (striking portions of a *pro se* response for failure to comply with Local Rule 56.1).

### III. Motion for Summary Judgment

Mosely's failure to comply with Local Rule 56.1(b) alone would justify summary judgment for defendant. *Greer*, 267 F.3d at 727. Even assuming Mosely properly responded to the amended summary judgment motion, however, she fails to raise a genuine issue of material fact as to whether she exhausted administrative remedies. Viewed in the most favorable light, her rambling response claims that in 2002, the school board led her to believe she exhausted administrative remedies. Pl. Facts at ¶¶ 5, 12. According to her response, she retained counsel to represent her before the school

5

board between 2001 and 2002. *See id.* at ¶ 2. After several meetings with the school board, her counsel's request for an additional meeting was denied in March 2002. *Id.* at ¶¶ 3, 6. She does not deny that her dealings with the school board never proceeded to a hearing, but argues the school board's March 2002 refusal to meet led her to believe administrative remedies were exhausted. *Id.* at ¶ 12.

Mosely's argument lacks any factual or legal basis. The IDEA prescribes detailed administrative procedures, and requires a plaintiff to be "aggrieved by [an administrative] finding and decision" before resorting to litigation. 20 U.S.C. §§ 1415(i)(2)(A), (l) ("[administrative] procedures . . . shall be exhausted [before commencement of action]"). In light of this clear requirement, Mosely has no basis to claim she or her counsel believed that IDEA's administrative remedies were exhausted simply because the school board refused to meet with her. Moreover, she fails to cite any legal authority for the proposition that her subjective belief that administrative remedies were exhausted satisfies 20 U.S.C. § 1415(i)'s requirement. Contrary to her argument, the IDEA provides only one exception to the exhaustion requirement – where the alleged injuries cannot be redressed by administrative process. *See McCormick v. Waukegan Sch. Dist. No. 60*, 374 F.3d 564, 568 (7th Cir. 2004) ("parents may bypass the [IDEA] administrative process where exhaustion would be futile") (quoting *Honig v. Doe*, 484 U.S. 305, 327 (1988)). Mosely does not allege that administrative remedies would be futile. Nor does she claim an administrative hearing was conducted, or that she was aggrieved by an administrative decision. Accordingly, her failure to exhaust administrative remedies is beyond dispute. Summary judgment in defendant's favor is appropriate. Fed. R. Civ. P. 56(e); *see also Charlie F. v. Bd. of Educ.*, 98 F.3d 989, 991 (7th Cir. 1996) (failure to exhaust administrative remedies is an affirmative defense).

6

## CONCLUSION

For the reasons set forth above, defendant's motion to strike Mosely's response to the amended motion for summary judgment is granted, and her response to defendant's amended motion for summary judgment is stricken. Defendant's amended motion for summary judgment is granted.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

August 2, 2006